# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-MD-03176-ALM** <br><br> **MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> 80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER, <br><br> *Defendants.* | Civil No. 4:26-CV-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> HANES TACTICAL, LLC and DAMIEN BENNETT, <br><br> *Defendants.* | Civil No. 4:26-CV-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br> *Defendants.* | Civil No. 4:26-CV-00379-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>*Defendant.* | Civil No. 4:26-CV-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DNT LLC, *et al.*<br><br>*Defendants.* | Civil No. 4:26-CV-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br>v.<br>AS Designs, LLC, *et al.*,<br><br>*Defendants.* | Civil No. 4:26-CV-00370-ALM |

## [PROPOSED] ORDER ON PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND COMPLAINTS

Before the Court are Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc.'s motions for leave to file amended complaints in the above-captioned member cases. The motions seek leave to expand the pleadings to add one or more newly asserted patents, including U.S. Patent No. 12,636,403, and, in certain member cases, U.S. Patent Nos. 12,529,538 and 12,578,159.

The Court has considered the motions, the proposed amended complaints, the oppositions filed by the affected Defendants, the applicable record in the member cases and in MDL No. 3176, and the governing standards under Federal Rules of Civil Procedure 15(a)(2) and, where applicable, 16(b)(4).

The Court finds that Plaintiffs have pursued serial amendments across these member cases and that the requested amendments would materially expand the scope of the litigation. The addition of newly asserted patents would require Defendants to analyze new patent specifications, asserted claims, prosecution histories, priority issues, claim-construction issues, infringement theories, noninfringement defenses, invalidity defenses, prior art, and damages issues. The fact that Plaintiffs allege the same accused product does not eliminate that prejudice because different patents contain different limitations and require different defenses.

The Court further finds that allowing continuing amendments whenever additional patents issue would undermine the orderly management of this MDL, prevent the cases from proceeding on a stable set of asserted rights, and risk repeated disruption of discovery, claim construction, dispositive-motion practice, preliminary-injunction proceedings, and trial preparation. In member cases governed by existing scheduling orders or pleading-amendment deadlines, Plaintiffs have not shown good cause sufficient to reopen or modify those deadlines.

Accordingly, Plaintiffs' motions for leave to file amended complaints in the above-captioned member cases are DENIED.

[Alternative relief, if the Court grants any leave: To the extent leave to amend is granted in any member case, Plaintiffs are prohibited from adding any further patents, patent claims, or infringement counts in that member case absent a showing of extraordinary good cause and leave of Court obtained by separate motion. No Defendant shall be required to respond to any request

3

for preliminary-injunction relief based on a newly added patent unless and until the Court authorizes assertion of that patent in the operative pleading and enters a preliminary-injunction-specific schedule.]

It is SO ORDERED.